**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Crucible Materials | ) | |
| Corporation, et al., | ) | Case No. 09-11582 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| Ronald S. Gellert, as | ) | |
| Successor Litigation Trustee | ) | |
| of the Crucible Materials | ) | |
| Corporation Creditors' | ) | |
| Litigation Trust | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 10-55178 (MFW) |
| | ) | |
| v. | ) | |
| | ) | |
| The Lenick Company | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**[1]

In its Motion to Dismiss, the Defendant contends that the Trustee's Complaint for recovery of a preference fails to state a claim upon which relief can be granted, because it sets forth only conclusory allegations parroting the statutory language of section 547 of the Bankruptcy Code.  The Court agrees and accordingly will grant the Defendant's Motion to Dismiss.  The Court will, however, allow the Trustee leave to amend the Complaint for the reasons set forth below.

---

[1] The Court is not required to state findings of fact or conclusions of law, pursuant to Rule 7052(a)(3) of the Federal Rules of Bankruptcy Procedure, on a motion to dismiss.

I.   BACKGROUND

Crucible Materials Corporation ("Crucible") produced a wide array of steel products for manufacturers, principally in the automotive industry.  After experiencing a significant drop in demand, sparked in part by the disruption in the automotive industry, Crucible and its affiliates (the "Debtors") filed for chapter 11 reorganization on May 6, 2009 (the "Petition Date").

Under the Debtors' plan of reorganization, which was confirmed on August 26, 2010, Richard D. Caruso was appointed Litigation Trustee (the "Trustee").  On November 8, 2010, the Trustee filed an adversary proceeding (the "Complaint") against The Lenick Company (the "Defendant") to avoid transfers pursuant to section 547 ("Count 1"), to avoid fraudulent conveyances pursuant to section 548 ("Count 2"), to recover post-petition transfers pursuant to section 549 ("Count 3"), to recover property transferred pursuant to section 550 ("Count 4"), and to disallow any claims the Defendant may have pursuant to section 502 ("Count 5").

On January 12, 2011, the Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim. The Trustee has agreed to withdraw Counts 2 and 3 of the Complaint without prejudice in exchange for the Defendant's agreement to withdraw its Motion to Dismiss those Counts.  (Pl.'s Resp. 2).  The Motion has been fully briefed as to the remaining

counts and is ripe for decision.

II. JURISDICTION

This Court has core jurisdiction over this adversary proceeding. 28 U.S.C. §§ 1334 & 157(b)(2)(F).

III. DISCUSSION

The Defendant moves for dismissal of the preference count under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure. The Defendant argues that the Complaint fails to establish a plausible claim for the avoidance of preferential transfers.

    A. Standard of Review

        1. Rule 8(a)(2)

Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement must provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  In other words, "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief . . . .  [W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556).

        2.   Rule 12(b)(6)

A Rule 12(b)(6) motion serves to test the sufficiency of the factual allegations in the plaintiff's complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) ("The pleader is required to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.").  With the Supreme Court's recent decisions in Twombly[2] and Ashcroft v. Iqbal,[3] "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

---

[2]  550 U.S. 544 (2007).

[3]  129 S. Ct. 1937 (2009).

A claim is sufficient if it is facially plausible, that is "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Determining whether a complaint is "facially plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but not shown - that the pleader is entitled to relief." Id.

After Iqbal, the Third Circuit has instructed the courts to "conduct a two part analysis.  First the factual and legal elements of a claim should be separated.  The [court] must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler, 578 F.3d at 210-11. See also Iqbal, 129 S. Ct. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). "The plaintiff must put some 'meat on the bones' by presenting sufficient factual allegations to explain the basis for its claim." Buckley v. Merrill Lynch & Co., Inc. (In re DVI, Inc.), Adv. No. 08-50248, 2008 WL 4239120, at *4 (Bankr. D. Del.

Sept. 16, 2008).

    B.   <u>Count 1 - Failure to State a Claim</u>

The Defendant argues that the Complaint must be dismissed because it fails to establish a plausible claim for a preference. Even before the <u>Iqbal</u> and <u>Twombly</u> decisions, courts required that to survive a motion to dismiss, a preference complaint must allege more than just the statutory elements of a preference and must include: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date [of the transfer], (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer." <u>OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.)</u>, 340 B.R. 510, 522 (Bankr. D. Del. 2006); <u>Valley Media Inc. v. Borders, Inc. (In re Valley Media, Inc.)</u>, 288 B.R. 189, 192 (Bankr. D. Del. 2003).

Courts have held that alleged preferential transfers must be identified with particularity to ensure that the defendant receives sufficient notice of what transfer is sought to be avoided. <u>See, e.g.</u>, <u>DVI, Inc.</u>, 2008 WL 4239120, at *5; <u>Pardo v. Gonzava (In re APF Co.)</u>, 308 B.R. 183, 188-89 (Bankr. D. Del. 2004) (concluding that preference complaint must identify each transfer by date, amount, name of transferor, and name of transferee). Simply quoting the statutory language is insufficient to withstand a motion to dismiss. <u>Iqbal</u>, 129 S. Ct.

at 1949-50.

The Defendant contends that the Trustee simply asserts the elements of section 547(b) and relies on legal conclusions rather than factual assertions.  Specifically, the Defendant asserts that Exhibit A to the Complaint does not contain any proof of transfers such as invoices, bills, canceled checks or other evidence to substantiate the Trustee's claims.  Further, the Defendant argues that any factual allegations in the Complaint regarding the alleged transfers are insufficient to withstand a motion to dismiss.

The Trustee responds that the Complaint contains enough factual details to describe adequately the alleged transfers.  The Trustee contends that Exhibit A provides the name of the transferee (The Lenick Company), check numbers, check amounts, invoice dates, invoice numbers, and the clear dates of the transfers sought to be avoided. (Compl. at Ex. A.)  This, the Trustee contends makes Count 1 plausible on its face.  In addition, the Trustee contends that Exhibit A shows that the transfers took place within the 90-day preference period.  Id.  Further, the Trustee asserts that section 547's presumption of insolvency and the Complaint's allegation that the Defendant received more than it would have under a chapter 7 bankruptcy are sufficient to make the claim plausible.

As an initial matter, the Court concludes that the Trustee is not required, as the Defendant contends, to provide actual copies of the invoices, bills, canceled checks or other tangible evidence to substantiate his claims at the motion to dismiss stage. <u>Branson v. Exide Electronics Corp.</u>, 645 A.2d 568 (Del. 1994) (stating that a plaintiff is only required to "state a claim, not to plead the evidence upon which the claim is based.") (citing <u>TSC Indus., Inc,. V. Northway, Inc.</u>, 426 U.S. 438, 450 (1976)); <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 213 (3d Cir. 2009) (stating that "[i]t is axiomatic that the standards for dismissing claims under Fed. R. Civ. P. 12(b)(6) and granting judgment under either Fed. R. Civ. P. 50 or Fed. R. Civ. P. 56 are vastly different.").

The Court finds that the Complaint adequately alleges facts identifying the date of transfer, name of transferee, and transfer amount. (Compl. at ¶¶ 8, 10 (stating that between "February 5, 2009 and May 6, 2009 (the "Preference Period") . . . one or more of the Debtors made transfers to Defendant . . . in an amount not less than $122,070.69 (the "Transfers").") In addition, the Complaint identifies the check numbers, check amounts, clear dates, invoice numbers, invoice dates and invoice amounts. (D.I. # 1 at Ex. A.)

The Court finds, however, that the Complaint is deficient in two areas. First, the Trustee has not sufficiently identified

8

the transferor of the alleged preferential payments.  Because there is more than one debtor in this proceeding, the Court concludes that the Trustee must identify the transferor by name. The Trustee's allegation that "one or more of the Debtors made transfers" is not sufficient.  (Compl. at ¶ 10.)

Second, the Complaint fails to provide sufficient facts detailing the nature of the alleged antecedent debt.  <u>Valley Media,</u> 288 B.R. at 193.  Although the Complaint does provide the check numbers, dates and amounts, no other information is provided to explain the nature of the antecedent debt.  <u>See</u> <u>In re Insilco Techs., Inc.</u>, 330 B.R. 512, 520 (Bankr. D. Del. 2005) (concluding that the complaint failed to identify the antecedent debt); <u>TWA, Inc. Post Confirmation Estate v. Marsh USA Inc. (In re TWA, Inc. Post Confirmation Estate)</u>, 305 B.R. 228, 232 (Bankr. D. Del. 2004) (finding the complaint deficient, inter alia, for failing to provide the nature and amount of the antecedent debt).

The Complaint fails to provide any details to show that there was in fact an antecedent debt.  (Compl. at ¶ 14 (stating only that "[t]he Transfers were for, or on account of, antecedent debts owed by one or more of the Debtors before the Transfers were made").)  The recitation of the elements of section 547 in place of any factual allegations is insufficient to withstand a motion to dismiss.  <u>Iqbal</u>, 129 S. Ct. at 1949-50.

The Complaint even fails to provide the Court with evidence of a pre-existing debtor/creditor relationship from which an antecedent debt could have arisen. (Compl. at ¶ 12.) The Complaint provides no detail of any contracts between the parties or any description of the goods or services exchanged. Beyond stating that the "Defendant was a creditor of one or more of the Debtors at the time of the Transfers," the Trustee completely fails to describe any type of relationship between the Defendant and any of the Debtors. Without such information, the Court determines that the Trustee has failed to describe sufficiently the nature of the antecedent debt.

### C. Count 4 - Recovery of Avoided Transfers

Count 4 of the Complaint seeks to recover avoided transfers pursuant to section 550(a).[4] The Defendant contends that Count 4 is derivative of Count 1 and should be dismissed because the Trustee did not state a valid claim for Count 1. The Trustee contends that Count 1 has been sufficiently plead; therefore, Count 4 is properly before the Court. Because the Court is

---

[4] Section 550(a) states:
Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 547 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred . . . from
(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
(2) any immediate or mediate transferee of such initial transferee.
11 U.S.C. § 550(a).

10

granting the Motion to Dismiss Count 1, the Count under section 550(a) must also be dismissed. See In re Charys Holding Co., 2010 WL 2774852, at *8 (July 14, 2010); In re USDigital, Inc., 443 B.R. 22, 40 (Bankr. D. Del. 2011).

    D.   Count 5 - Disallowance of All Claims

Count 5 of the Complaint seeks to disallow any and all claims the Defendant or its affiliates may have against the Debtors until the avoided transfers are recouped. 11 U.S.C. § 502(d).[5] The Defendant contends that Count 5 is derivative of Count 1 and should be dismissed because the Trustee did not state a valid claim for Count 1. The Trustee contends that Count 1 has been sufficiently plead; therefore, Count 5 is properly before the Court. Because the Court is granting the Motion to Dismiss Count 1, Count 5 must also be dismissed.

    E.   Amendment of Complaint

If the Complaint is found to be insufficient in detail, the Trustee has asked the Court for leave to amend the Complaint. The Defendant argues that the Complaint should be dismissed with prejudice but fails to articulate any argument why beyond the

---

[5] Section 502(d) states:
Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity . . . that is a transferee of a transfer avoidable under section . . . 547 . . . unless such entity or transferee has paid the amount . . . for which such entity or transferee is liable under section . . . 550 . . . .
11 U.S.C. § 502(d).

fact that the Complaint was insufficiently plead.

Rule 15(a) states that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Because the Defendant presents no reason why leave to amend should not be granted, the Court will allow the Trustee to amend the Complaint.

IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court will grant the Motion to Dismiss the Complaint in the instant adversary proceeding but will allow the Trustee to amend the Complaint.

An appropriate order is attached.

Dated: July 6, 2011               BY THE COURT:

                                  *Mary F. Walrath*

                                  Mary F. Walrath
                                  United States Bankruptcy Judge